| | | |
|---|---|---|
| DAVID YIM | * | IN THE |
| 944 Poplar Grove Street | | |
| Baltimore, Maryland 21216 | * | CIRCUIT COURT |
| Plaintiff | * | FOR |
| v. | * | BALTIMORE CITY |
| FRED MURRAY, III | * | |
| Baltimore Police Department | | |
| Southwestern District | * | |
| 424 Font Hill | | |
| Baltimore, Maryland 21223 | * | |
| Defendant | * | |
| | * | CASE#: |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT AND REQUEST FOR JURY TRIAL

NOW COMES, Plaintiff, David Yim, by and through his attorney, J. Wyndal Gordon, of THE LAW OFFICE OF J. WYNDAL GORDON, P.A., to submit this Complaint and Request for Jury Trial pursuant to Md. Rule 2-101 and 2-325 alleging as true the following:

### JURISDICTION

1. That Plaintiff is a resident of the City of Baltimore, State of Maryland.

2. That Defendant Fred Murray III (hereinafter "Murray" or "Defendant") at all times alleged herein was an employee of the Baltimore City Police Department and was acting either in an individual and/or in his official capacity as a Baltimore City Police Officer charged with enforcement of criminal laws in the State of Maryland principally in Baltimore City, and thus, was acting under color of law.

3. That jurisdiction is also conferred under the Cts. & Jud. §5-303, et seq., and 5-

1

504, et seq., as a substantive element to all counts as if fully set forth therein, as well as *Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 478 (1981) (*"In considering the propriety of state-court jurisdiction over any particular federal claim, the Court begins with the presumption that state courts enjoy concurrent jurisdiction"*), see also *Levitt v. Fax.com*, 383 Md. 141, 147-48 (2004) (*recognizing in dicta state-court jurisdiction over 42 U.S.C. §1983 claims*).

### STATEMENT OF FACTS

Plaintiff incorporates by reference the allegations contained in paragraphs 1 - 3 as if fully set forth herein:

4. That on the 10th day of April, 2012, @ 8:58 am, Baltimore City Police Officer Fred Murray responded to the 1200 Block of Oakhurst Avenue for a call about a person walking northbound on the sidewalk with an altered mental status, wearing a white jacket and jeans.

5. Upon locating the person, who was later identified as Plaintiff, David Yim, Defendant Murray pulled out his service weapon and while seated on the driver's side, without bothering to alight from his marked police vehicle, Murray open fired four rounds, through the rolled-up passenger side window, striking Yim (who was already physically disabled) in the abdomen two times, from a distance of approximately 50 ft, in a residential area, during the morning rush-hour.

6. That bullet not only caused the passenger side window of Murray's patrol car to shatter, but it also caused Yim to suffer serious and substantial personal injuries to his abdominal area. Murray would have killed Yim if the initial discharges from his firearm were not witnessed by neighbors; Murray was positioned and threatened to shot Yim again after striking him the first

2

two times.

7. That Yim was picked up by Medic 8 and transported to Maryland Shock Trauma Center where he underwent surgery to remove the bullet. He survived but not without permanent injuries, disfigurement, and extreme pain and suffering.

## COUNT I

Violations of Articles 24 and 26

*Constitutional Torts*

Plaintiff incorporates by reference the allegations contained in paragraphs 1-7 as if fully set forth herein:

8. That Article 24 of the Maryland Declaration of Rights provides that no man should be imprisoned or disseized of his freehold, liberties or privileges ... or in any manner deprived of his life, liberty, or property but by the judgment of his peers or the Law of the land.

9. That Article 26 of the Maryland Declaration of Rights provides that "[a]ll warrants without, oath or affirmation, to search suspected places, or to seize any person or property, are grievous and oppressive; and all general warrants to search suspected places or to seize suspected persons without naming or describing the place, or the person in special are illegal and ought not be granted."

10. That on the 10th day of August, 2012, @ 8:58 am, Police Officer/Defendant Fred Murray, III, fired four shots from his service weapon through the rolled-up window of his marked police vehicle (causing it to shatter) while seated on the driver's side, striking David Yim twice in the abdomen, from a distance of approximately 50 ft, as Yim walked up the northbound side-

3

walk of Oakhurst Avenue in the City of Baltimore, State of Maryland; that Murray intended to kill Yim until neighbors began to express concerns about Murray's reckless and malicious conduct and Yim's grave condition.

11. That clearly established precedent placed Murray on notice that shooting a suspect twice in the abdomen twice through the rolled-up passenger side window, from an approximate 50 ft range, while seated on the driver's side of a patrol vehicle was conduct unreasonable.

12. Defendant Murray violated Plaintiff's rights under Article 24 and 26 of the Maryland Declaration of Rights by committing the above described first degree assault/attempted murder violation of his right to due process.

13. That the forced used to commit this acts was more than reasonably necessary to stop Plaintiff to determine whether or not Yim was involved in any criminal activity or presented any danger to himself or others.

14. That Defendant Murray's conduct was objectively unreasonable in light of the facts and circumstances confronting them at the time, and was thereby excessive.

15. That as a direct and proximate cause of the allegations above, Plaintiff suffered personal injuries, a loss of liberty, violation of his rights under Maryland's Declaration of Rights, pain & suffering, mental anguish, emotional distress, humiliation, and embarrassment.

WHEREFORE, Plaintiff requests that this Honorable Court GRANT a Judgement in the amount that exceeds $75,000.00 against Defendant which includes both compensatory and punitive damages if applicable, and GRANT such other relief this Honorable Court deems fair and just.

## COUNT II

42 U.S.C. §1983

*Civil Rights Violation*

Plaintiff incorporates by reference the allegations contained in paragraphs 1-15 as if fully set forth herein:

16. Title 42 U.S.C. section 1983 provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

17. That on the 10th day of August, 2012, Police Officer/Defendant Fred Murray, III, under color of law, fired four shots from service weapon through the rolled-up window of his marked patrol vehicle (causing it to shatter) from the driver's side, striking David Yim twice in the abdomen

18. The time of this incident was 8:58 am, the distance upon which the shots were fired was approximately 50 ft, and Yim was struck as he walked up the northbound side-walk of Oakhurst Avenue in the City of Baltimore, State of Maryland; that Murray intended to kill Yim until neighbors began to express concerns about Murray's reckless and malicious conduct and Yim's grave condition.

19. Defendant Murray violated Plaintiff's rights under 42 U.S.C. §1983 by committing the above described first degree assault/attempted murder which amounted to, among other things, an intentional, malicious and wrongful seizure, in violation of Yim's rights.

5

20. That the forced used to commit this acts was more than reasonably necessary to stop Plaintiff to determine whether or not he was involved in any criminal activity or presented a danger to himself or others.

21. That clearly established precedent places Murray on notice that shooting a suspect twice in the abdomen twice through the rolled-up passenger side window, from an approximate 50 ft range, while seated on the driver's side of a patrol vehicle was conduct unreasonable.

22. That Defendant Murray's conduct was objectively unreasonable in light of the facts and circumstances confronting them at the time, and was thereby excessive.

23. That as a direct and proximate cause of the allegations above, Plaintiff suffered personal injuries, a loss of liberty, violation of his rights under Maryland's Declaration of Rights, his civil rights secured under 42 U.S.C. §1983, pain & suffering, mental anguish, emotional distress, humiliation, and embarrassment.

WHEREFORE, Plaintiff requests that this Honorable Court GRANT a Judgement in the amount that exceeds 75,000.00 against Defendant which includes both compensatory and punitive damages if applicable, also GRANT such other relief this Honorable Court deems fair and just.

## COUNT III

Assault & Battery

*Gunshot to Abdomen*

Plaintiff incorporates by reference the allegations contained in paragraphs 1-23 as if fully set forth herein:

24. That Defendant Murray made intentional contact with Plaintiff by shooting him twice in the abdomen, from a distance of approximately 50 ft, while seated on the driver's side of his marked patrol vehicle, through the passenger side window causing the same to shatter.

25. That Plaintiff did not consent to the contact and Defendant was not acting in self defense.

26. That as a direct and proximate cause of the allegations above, Plaintiff suffered a loss of liberty, violation of his rights under Maryland's Declaration of Rights, violations of his civil rights, pain & suffering, mental anguish, emotional distress, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff requests that this Honorable Court GRANT a Judgement in the amount that exceeds 75,000.00 against Defendant which includes both compensatory and punitive damages, also GRANT such other relief this Honorable Court deems fair and just.

### COUNT IV

Intentional Infliction of Emotional Distress

*Gunshot to Abdomen*

Plaintiff incorporates by reference the allegations contained in paragraphs 1-26 as if fully set forth herein:

27. That on the 10th day of August, 2012, @ 8:58 am, Police Officer/Defendant Fred Murray, III, fired four shots from his service weapon through the rolled-up window of his marked police vehicle (causing it to shatter) while seated on the driver's side, striking David Yim (who was physically disabled) twice in the abdomen, from a distance of approximately 50 ft, as Yim walked up the northbound side-walk of Oakhurst Avenue in the City of Baltimore, State of

7

Maryland; that Murray intended to kill Yim until neighbors began to express concerns about Murray's reckless and malicious conduct and Yim's grave condition.

28. The conduct engaged by Murray described above intentional or reckless and it occurred during 'rush hour', --a time when local residents were making their way to work and school.

29. The conduct engaged by Murray when he discharged four rounds of ammunition in a residential area, at 8:58 am, from a seated position, on the driver's side of a patrol vehicle, at a range of approximately 50 ft away, through the passenger side window of the vehicle, and striking Plaintiff twice in the abdomen as he stood on the porch of a resident friend's home, is extreme and outrageous conduct.

30. That a causal connection exists between the Murray's wrongful conduct described above and the emotional distress suffered by Plaintiff directly and proximately caused thereby.

31. The Plaintiff suffered emotional distress so severe that it affected her ability to function or tend to her everyday affairs and not reasonable person could be expected to endure it.

32. That Plaintiff suffered depression, hallucinations, paranoia, sleeping and eating disorders and loss of independent function because he is so consumed by this traumatic experience complained of herein, and suffered further severe emotional distress.

WHEREFORE, Plaintiff requests that this Honorable Court GRANT a Judgement in the amount that exceeds 75,000.00 against Defendant which includes both compensatory and punitive damages, also GRANT such other relief this Honorable Court deems fair and just.

Respectfully Submitted,

8

_/s/ J. Wyndal Gordon_

J. Wyndal Gordon
THE LAW OFFICE OF J. WYNDAL GORDON, P.A.
20 South Charles Street, Suite 1102
Baltimore, Maryland 21202
410.332.4121
Attorney for Plaintiff

| | | |
|---|---|---|
| DAVID YIM<br>944 Poplar Grove Street<br>Baltimore, Maryland 21216 | * | IN THE |
| | * | CIRCUIT COURT |
| Plaintiff | * | FOR |
| v. | * | BALTIMORE CITY |
| FRED MURRAY, III<br>Baltimore Police Department<br>Southwestern District<br>424 Font Hill<br>Baltimore, Maryland 21223 | *<br>*<br>* | |
| Defendant | * | |
| | * | CASE#: |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## REQUEST FOR JURY TRIAL

Plaintiff requests a jury trial in this matter.

Respectfully Submitted,

_/s/ J. Wyndal Gordon_
J. Wyndal Gordon
THE LAW OFFICE OF J. WYNDAL GORDON, P.A.
20 South Charles Street, Suite 1102
Baltimore, Maryland 21202
410.332.4121
Attorney for Plaintiff